Bell, J.
No appeal having been taken by the defendant from that part of the judgment of the Court of Appeals affirming the granting of the divorce, no question as to the correctness of such part is before this court.
The journal entry of the Court of Common Pleas is reasonably susceptible of the interpretation that the only things considered by that court in awarding alimony to the plaintiff were the aggression of the defendant and the fact that this property originally belonged to the plaintiff. The journal entry of the Court of Appeals, however, recites, as the basis of reversal, that the trial court was in error “in considering the element of aggression in its award of alimony.”
The judgment of the Court of Appeals presents the following question of public or great general interest: Is a domestic relations court precluded by the present statutes from considering the element of aggression in awarding alimony in a divorce case?
Prior to 1951, the alimony statutes (Sections 11990 and 11993, General Code) required that a finding of aggression on the part of one party be a prerequisite to the awarding of alimony to the other.
By the revision of the domestic relations statutes in 1951, all reference to aggression was eliminated therefrom. Section 8003-17, General Code (now Section 3105.18, Revised Code), was enacted and read, in part:
“The court may allow such alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either at the time of the decree.”
*262 Thus is raised the question of whether the deletion of specific reference to aggression precludes the court from considering it at all and thus limits the court, in its consideration of an award of alimony, solely to those elements listed in Section 3105.17, Revised Code.
There can be no doubt that the change in the statute eliminated aggression as a prerequisite to the allowance of alimony. Clark v. Clark, 165 Ohio St., 457; Gage v. Gage, 165 Ohio St., 462. This court has held, in those cases and in others, that it was the apparent legislative intent to vest the trial court with full equity powers in the granting of a divorce, in the allowance of alimony or in a division of property. Judge Zimmerman said in the opinion in DeMilo v. Watson, Exr., 166 Ohio St., 433, an opinion unanimously concurred in by the other members of the court, that “these amendments removed the limitations on the powers of the court in alimony and division of property matters in divorce proceedings which had previously existed and their effect is to permit the court a free and full exercise of its general equity powers to adjust property rights between the opposing spouses as it determines will serve the ends of justice.”
Having granted full equity powers to the court in deciding a domestic relations case, it is unlikely that the General Assembly intended at the same time to take from that court the right to consider one factor that certainly would be inherent in any consideration of equities. The writer knows from his own experience the impossibility of listening to testimony elicited in a divorce case to prove the grounds for divorce and of then eliminating that testimony from his mind in considering the allowance of alimony. We do not believe that the General Assembly intended to require any such mental gymnastics of a judge. It intended to “eliminate the element of aggression as controlling the discretion” of the court, as we said in Gage v. Gage, supra, but, in our opinion, there was no intent to eliminate the element of aggression as one element affecting the discretion of the court.
The General Assembly in Section 3105.18, Revised Code, first provided that the court may allow such alimony “as it deems reasonable to either party.” Certain guides are then set out for which the court in making its determination should have “due regard.” We conclude that the General Assembly *263 intended the court to look at the entire picture of the marriage being dissolved and then to have due regard to certain enumerated factors in particular. The whole factual situation constitutes one bundle of sticks. In our opinion, the General Assembly did not intend for the court, either trial or reviewing, to attempt to tear the bundle apart.
Therefore, such part of the judgment of the Court of Appeals as reversed the allowance of alimony is reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed in part.

Weygandt, C. J., Zimmerman, Taet, Matthias and 0 ’Neill, JJ., concur.
Herbert, J., not participating.